UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IRENE AI-LING TANG, | Case No. SA CV 15-00043-JVS (DFMx) |
| Plaintiff, | ORDER REMANDING CASE TO STATE COURT |
| v. | |
| MOOSA ALLEH, | |
| Defendant. | |

The Court sua sponte REMANDS this action to the California Superior Court for the County of Orange for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have

1  original jurisdiction." 28 U.S.C. § 1441(a); <u>Dennis v. Hart</u>, 724 F.3d 1249, 1252 (9th Cir.
2  2013). The removing defendant bears the burden of establishing federal jurisdiction.
3  <u>Abrego Abrego v. Dow Chemical Co.</u>, 443 F.3d 676, 682 (9th Cir. 2006); <u>Gaus</u>, 980 F.2d at
4  566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action
5  pursuant to that provision, [the removing defendant] must demonstrate that original
6  subject-matter jurisdiction lies in the federal courts." <u>Syngenta Crop Protection</u>, 537 U.S. at
7  33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction
8  may not be waived, and . . . the district court must remand if it lacks jurisdiction." <u>Kelton</u>
9  <u>Arms Condo. Owners Ass'n v. Homestead Ins. Co.</u>, 346 F.3d 1190, 1192 (9th Cir. 2003). "If
10 at any time before final judgment it appears that the district court lacks subject matter
11 jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the
12 subject matter jurisdiction of the district court is not a waivable matter and may be raised
13 at anytime by one of the parties, by motion or in the responsive pleadings, or <u>sua</u> <u>sponte</u> by
14 the trial or reviewing court." <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1194 n.2 (9th Cir.
15 1988).

16     A.     <u>Federal Question Jurisdiction</u>

17         The underlying action is an unlawful detainer proceeding, arising under and
18 governed by the laws of the State of California. The Complaint does not include any claim
19 "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
20 Federal defenses or federal counterclaims do not provide a basis to remove an action which
21 does not otherwise establish federal jurisdiction. "[T]he existence of federal jurisdiction
22 depends solely on the plaintiff's claims for relief and not on anticipated defenses to those
23 claims." <u>ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality</u>, 213 F.3d
24 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not
25 "render[] an action brought in state court removable." <u>Berg v. Leason</u>, 32 F.3d 422, 426
26 (9th Cir. 1994). A "case may not be removed to federal court on the basis of a federal
27 defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both
28

parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983). There is no basis for federal question jurisdiction.

### B. Diversity Jurisdiction

There is also no basis for diversity jurisdiction. Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a). The Complaint does not allege damages in excess of $75,000, and Defendant has not shown, by a preponderance of the evidence, that the amount in controversy requirement has been met. Id.; Abrego Abrego, 443 F.3d at 683. It is also apparent from the state court records that the underlying unlawful detainer action is a limited civil action that does not exceed $25,000. Additionally, the action is not removable on diversity grounds because Defendant appears to be a citizen of California, where the action was filed. See Notice of Removal at 1; 28 U.S.C. § 1441(b)(2) (stating that removal is not allowed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

### C. 28 U.S.C. § 1443

Section 1443(1) permits a defendant in state cases to remove the proceedings to the federal district courts when a defendant is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens in the United States. In order to successfully remove, the defendant must satisfy a two-prong test: 1) the rights allegedly denied must arise under a federal law providing for specific civil rights stated in terms of racial equality; and 2) the defendant must be denied or unable to enforce the rights in state courts. Johnson v. Mississippi, 421 U.S. 213, 219 (1975); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 827-28 (1966); Georgia v. Rachel, 384 U.S. 780, 792 (1966).

Under the first prong, constitutional or statutory provisions of general applicability or under statuses not protecting against racial discrimination will not suffice. Johnson, 421 U.S. at 219. Under the second prong, a defendant's federal rights are left to the state courts

1  except in rare situations where it can be clearly predicted that those rights will inevitably
2  be denied by the very act of bringing the defendant to trial in state court. <u>Peacock</u>, 384 U.S.
3  at 828.
4       While a violation of 42 U.S.C. §§ 1981 and 1982 may satisfy the first prong of this
5  test, Defendant cannot satisfy the second. Defendant alleges that she is being deprived of
6  her rights to due process and equal protection because the California statutory provisions
7  authorizing evictions in unlawful detainer proceedings discriminate against women and
8  "ethnic-surname" Americans. Notice of Removal at 6-7. She also asserts that she will be
9  unable to raise her federal claims in state court. <u>Id.</u> at 9. These bare assertions are
10 insufficient to invoke the Court's jurisdiction. Defendant "must assert that the state courts
11 will not enforce [a specified federal] right, and that allegation must be supported by
12 reference to a state statute or a constitutional provision that purports to command the
13 state courts to ignore the federal rights." <u>People of State of California v. Sandoval</u>, 434 F.2d
14 635, 636 (9th Cir. 1970). Defendant has failed to identify any specific state statute or
15 constitutional provision that commands the state courts to ignore her federal rights. See
16 <u>HSBC Bank USA v. Kubik</u>, No. 13-1692, 2013 WL 1694670, at *3 (C.D. Cal. Apr.16, 2013)
17 ("Defendant Kubik does not, and cannot, identify any California state law or constitutional
18 provision that commands state courts to ignore an amendment to the U.S. Constitution.").
19 Moreover, the allegations she does make are entirely conclusory in nature. Section 1443(1)
20 will not provide jurisdiction where allegations of discrimination are conclusory and lacking
21 factual basis. See <u>Bogart v. California</u>, 355 F.2d 377, 380-81 (9th Cir. 1966). Consequently,
22 removal is not proper under § 1443(1).
23 //
24 //
25 //
26 //
27 //
28

Conclusion

This Court does not have subject matter jurisdiction over this case. IT IS THEREFORE ORDERED that this matter be REMANDED to the Superior Court of the State of California for the County of Orange.

Dated: January 16, 2015

                                                _____
                                                JAMES V. SELNA
                                                UNITED STATES DISTRICT JUDGE